UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

MIGUEL CHANG,

        CASE NO.:

    Plaintiff,

v.

YOKOHAMA SUSHI, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MIGUEL CHANG ("Plaintiff" or "Mr. Chang"), by and through undersigned counsel, files this Complaint against Defendant, YOKOHAMA SUSHI, INC., ("Defendant") and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. Prior to filing this lawsuit, Plaintiff sent a demand letter to Defendant to resolve this matter, but the parties were unable to resolve same, necessitating the filing of this lawsuit.

3. This action is intended to cover Defendant's wage violations against Plaintiff within the past three (3) years pursuant to the FLSA.

## PARTIES

4. Plaintiff was a non-exempt daily rate paid cook who provided food preparation services and other related services for Defendant in Palm Beach County, Florida.

5. Defendant is a restaurant who conducts business in, among other places, Palm Beach County, Florida.

## JURISDICTION

6. Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover unpaid back wages, lost wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorney's fees and costs.

7. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

9. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of 29 U.S.C. § 203(d).

10. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

11. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce," or in the production and providing of services for commerce, within the meaning of § 3 (s)(1) of the Act.

13. Defendant has employees engaged in commerce, or in the production and providing of services for commerce, or employees handling, selling, or otherwise working on services or materials that have been moved in or produced for commerce by any person.

14. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on services or materials that had been moved in or produced for commerce.

16. At all times material hereto, Defendant accepted and processed payments from its clients and others, which were drawn on out-of-state bank accounts.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without staff members like Plaintiff.

## STATEMENT OF FACTS

18. Plaintiff worked for Defendant as a non-exempt day rate paid cook from February 2, 2013, until June 17, 2017.

19. Plaintiff mainly performed food preparation services such as cooking food, catering banquets and other various food prep necessary for Defendant's restaurant.

20. At all material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek, often up to sixty-three (63) hours per week.

21. During all times relevant, Defendant failed to compensate Mr. Chang at the statutory rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in a single workweek, as mandated by the FLSA.

22. Defendant violated the FLSA during Plaintiff's employment because:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant; and

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA;

23. Upon information and belief, Defendant is in possession of Plaintiff's pay and time records. Therefore, Plaintiff cannot calculate, with certainty, the amount of overtime he is entitled to as a result of Defendant's violations of the FLSA on a week by week basis, absent full access to same.

24. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

25. Plaintiff re-alleges paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Plaintiff, a non-exempt day rate paid cook, worked in excess of the forty (40) hours per week for Defendant, for which Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

27. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

4

28. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

29. Plaintiff is entitled to liquidated damages as Defendant willfully engaged in the foregoing conduct, and/or had no good faith basis for failing to pay Plaintiff full and proper overtime compensation.

30. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week, as well as lost/back wages since the date of his termination;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime

and back wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of June, 2017.

Respectfully submitted,

*By:* _____
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
Richard Celler, Esquire
Florida Bar No. 0173370
E-mail: richard@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*